# CHARLESTON.

## KYGER v. ROBERTS.

Submitted January 21, 1886.—Decided February 6, 1886.

1 If an action is brought to recover back money paid on a war-tres-
   pass judgment, which money was paid before the adoption of the
   Constitution, Art. VIII., sec. 35, which declares void a judg-
   ment recovered for an act done in the late war "according to the
   usages of civilized warfare," a recovery could be had, if at all, in
   such action only by virtue of such provision; and the right of ac-
   tion accrued as soon as the Constitution was adopted; and an
   order thereafter made setting aside said judgment under the pro-
   visions of sec. 3 of ch. 58 of the Acts of 1872-3, upon the only
   issue in the case, which was on the plea of the statute of limita-
   tions, would be immaterial evidence, and the court would not err
   in refusing to admit it in evidence.  (p. 420.)

2. Upon an issue upon the plea of the statute of limitations the
   court did not err to the prejudice of the plaintiff by admitting in
   evidence a deed, which tended to fix the date of the transaction,
   out of which the action arose.  (p. 421.)

*C. E. Hogg* for plaintiff in error.

*R. S. & C. L. Brown* for defendant in error.

JOHNSON, PRESIDENT:

This is an action of *assumpsit* brought by the plaintiff
against the defendant in July, 1880, in the circuit court of
Roane county. The declaration contained the common counts.
The defendant pleaded the statute of limitations, to which the
plaintiff replied generally. There was no other plea filed.
On August 27, 1884, the issue was tried before a jury, and
verdict for defendant. A motion was made to set aside the
verdict, as being against law and evidence, which was over-
ruled by the court, and the plaintiff excepted, and the court
entered judgment for defendant on the verdict of the jury.
To the judgment the plaintiff obtained a writ of error.

The plaintiff saved three bills of exceptions; the first to
the refusal of the court to admit a judgment of the circuit
court of Roane county to be read in evidence; the second to
the refusal of the court to set aside the verdict and grant a

new trial; and the third to the admission of a deed in evidence.

Did the court err to the prejudice of the plaintiff in any of the particulars set forth ? The judgment set out in the first bill of exceptions is in the following words:

"Hugh Kyger vs. Thomas A. Roberts—upon a petition to set aside a judgment rendered by the circuit court of Roane county on July 26, 1865, in favor of said Thomas A. Roberts against said Kyger for the sum of $10,000.00 damages with interest from July 26, 1865, until paid and costs, which judgment was rendered by said court by reason of an act done by said petitioner according to the usages of civilized warfare in the prosecution of the late war between the government of the United States and a part of the people thereof. This day came the parties by their attorneys and thereupon the matters of law arising upon the demurrer of said Roberts to the petition of said Kyger having been maturely considered by the court, the said demurrer is overruled, and the said Roberts making no further objection or defence to said petition and filing no plea thereto, on motion of said Kyger, and for reasons appearing to the court the judgment rendered in favor of said Roberts against said petitioner in the circuit court of Roane county on July 26, 1865, for $10,000.00 damages with interest thereon from said July 26, 1865, until paid and costs be and the same is hereby set aside, and a new trial is awarded the said Kyger therein, and the clerk of this court is ordered to re-instate said cause upon the law issue docket of this court."

This judgment was rendered by the circuit court of Roane county on March 7, 1878, nearly thirteen years after the original judgment was rendered. The judgment has not been reversed on writ of error. The court on objection being made refused to admit the said judgment in evidence. The issue and the only issue made and tried was, whether the plaintiff's claim was or was not barred. It belongs to that class that is barred within five years from the time, that the cause of action accrued. If the right of action did not accrue until 1878, when the judgment, on which the money was paid, was set aside, then the claim is not barred, for the action was brought about two years thereafter. But if the

right of action accrued, when the Constitution was adopted in 1872, then it was certainly barred, as there is a general replication only to the plea, and of course no effort was made to show, that the plaintiff for any cause was hindered or delayed in bringing his action.

The petition filed by the plaintiff in 1878, upon which the court set aside the judgment rendered in 1865, showed that it was filed under sec. 3 of chap. 58 of the Acts of 1872–3, and that the said judgment of 1865 was rendered against the plaintiff Kyger for an act done in the late war according to the usages of civilized warfare. It is not our purpose here to decide whether sec. 35 of Art. VIII of the Constitution of this State adopted in 1872 does or does not authorize the recovery back of money paid on judgments of the character described in said section, when such money was paid before the Constitution took effect, whether such money was paid on the judgment voluntarily, by compromise or collected on executions on such judgments or otherwise. Sec. 3 of chap. 53 permitted such recovery. If money so paid could be recovered, which is not disputed, but admitted by the plea in this case, it could only be recovered by virtue of said section of the Constitution. This Court has decided, that the said section of the Constitution operates *ex proprio vigore*, and that the courts have ample power to inforce it without any legislation whatever. *Kitzmiller* v. *Peerce*, 19 W. Va. 581 ; *White* v. *Crump, Id.* 583.

In the latter case White brought in a war-trespass action in 1867 and recovered a judgment against William H. French for $2,000.00. French obtained a writ of error and *supersedeas* to the judgment, and Crump and Shanklin were his sureties in the *supersedeas*-bond. The case was heard in the Appellate Court in 1870, and the judgment was affirmed. French having died, White brought his action of debt against the said Crump and Shanklin surviving obligors on the *supersedeas*-bond. The original judgment had not been set aside by the circuit court under sec. 3 of ch. 58 of the Acts of 1872–3, but the defendants pleaded in bar of the action the provision of sec. 35 of Art. VIII. of the Constitution ; and this Court held, that the plea was good, and if true was a complete bar to the action. This is an authority directly in point, that

Kyger could have brought this action immediately after the adoption of the Constitution of 1872, and if it authorized him to recover back his money paid, could have shown in this action the recovery of the judgment of 1865, his payment of money thereon, and that it was a judgment rendered against him for an act done according to the usages of civilized warfare in the prosecution of the late war. Therefore the order of 1878 was immaterial evidence on the issue in this cause, and the court did not err in refusing to admit it. It is therefore unnecessary to consider the questions raised in the argument, whether the judgment of 1878 was void or only voidable, because upon the issue in this case it was wholly immaterial, whether it was the one or the other.

The third bill of exceptions was to the admission in evidence of a deed from Hugh Kyger to D. R. Neal for certain property therein described. On cross-examination of the plaintiff, while he was giving his evidence to the jury, the witness was shown this deed and said, that it was the arrangement, by which Neal was to pay any liabilities that might be or come against him. The witness, Neal in his evidence says, that " Roberts recovered a judgment in the circuit court of Roane county against the plaintiff soon after the close of the war for about $10,000.00; that deponent compromised the matter with defendant Roberts for Kyger the plaintiff, by paying Roberts the sum of $2,916.66." The deed was executed in 1865, and the compromise was made in 1867. The deed was competent evidence to help to fix the date of the transaction and was therefore pertinent to the issue. I can not see how its admission could possibly have prejudiced the plaintiff.

The second bill of exceptions was to the refusal of the court to set aside the verdict and grant a new trial. The evidence clearly justified the verdict. We have seen that the court did not err in admitting or refusing to admit evidence. The court did not err in refusing to set aside the verdict. The judgment is affirmed.

AFFIRMED.